UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SONG,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.; CHARTER COMMUNICATIONS HOLDING COMPANY, LLC; TIME WARNER INC.; TIME WARNER CABLE INFORMATION SERVICES (CALIFORNIA), LLC,<br><br>　　　　　　　　Defendants. | Case No.: 17cv325 JM (JLB)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS** |

Defendants Charter Communications, Inc., Charter Communications Holding Company, LLC, Time Warner Cable Inc., and Time Warner Cable Information Services (California), LLC (collectively, "Defendants" or "Charter") move the court, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., to compel arbitration and stay proceedings in this matter. (Doc. No. 6.) Plaintiff opposes the motion. The court finds the matter appropriate for decision without oral argument pursuant to Local Rule 7.1(d)(1) and, for the following reasons, grants Defendants' motion.

///

# BACKGROUND

Defendants operate one of the nation's largest cable companies. (Doc. No. 1-3 at 7, ¶ 11.) Plaintiff has subscribed to Defendants' television, internet, and voice services for approximately two years. (Id. at 30, ¶ 74.) When Plaintiff switched to Defendants' services, he entered into a subscriber agreement ("the Agreement").

The first page of the Agreement states, in capitalized text: "THIS AGREEMENT CONTAINS A BINDING 'ARBITRATION CLAUSE,' WHICH SAYS THAT YOU AND [DEFENDANTS] AGREE TO RESOLVE CERTAIN DISPUTES THROUGH ARBITRATION . . . YOU HAVE THE RIGHT TO OPT OUT OF THESE PORTIONS OF THE AGREEMENT." (Id. at 42.)

In section 15, entitled "**Unless you Opt Out, You are Agreeing to Resolve Certain Disputes Through Arbitration**," the Agreement states, "Only claims for money damages may be submitted to arbitration; claims for injunctive orders or similar relief must be brought in a court (other than claims relating to whether arbitration is appropriate, which will be decided by an arbitrator, not a court). You may not combine a claim that is subject to arbitration under this Agreement with a claim that is not eligible for arbitration under this Agreement." (Id. at 52 (emphasis in original).)

Plaintiff did not opt out.

On November 9, 2016, Plaintiff filed a complaint in San Diego Superior Court alleging that Defendants unlawfully charge California customers a surcharge of $8.75 per customer per month. The complaint contains five causes of action: (1) breach of contract; (2) for declaratory and injunctive relief; (3) violation of California's unfair competition law, Cal. Bus. & Prof. Code § 17200 et seq.; (4) violation of California's false advertising law, Cal. Bus. & Prof. Code § 17500 et seq.; and (5) violation of California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750 et seq. Plaintiff seeks preliminary and permanent injunctions against the misconduct alleged, declaratory relief, attorneys' fees, costs, and all other further relief the court deems necessary, just, and proper. (Doc. No. 1-3 at 39.)

Though he did not style his complaint as a class action, Plaintiff asserts that he "brought the lawsuit to put an end to Charter's unlawful actions, not only for his benefit but also for the benefit of millions of California consumers whom Charter continues to target with this illegal and fraudulent scheme." (Id. at 6, ¶ 7.) Based on that allegation, Defendants removed the action to this court under the Class Action Fairness Act ("CAFA"). (See Doc. No. 1).[1] One week later, on February 24, 2017, Defendants filed the motion now before the court.

## LEGAL STANDARDS

The FAA applies to arbitration provisions found in written agreements that evidence a transaction involving commerce. 9 U.S.C. § 2. An agreement to arbitrate is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." Id. Federal policy favors arbitration, and arbitration agreements may not be placed in a disfavored position relative to other contracts. See Ingle v. Circuit City Stores, Inc., 328 F.3d 1165, 1170 (9th Cir. 2003).

The court must grant a motion to compel arbitration if a valid agreement to arbitrate exists and the dispute at issue falls within the scope of that agreement. See Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000). "[T]he

---

[1] In footnote 2 to his opposition to Defendants' motion, Plaintiff argues that this case is not a class action subject to CAFA jurisdiction, and although he has yet to challenge subject matter jurisdiction, he "reserves his right to address jurisdictional issues at a later time." Of course, the court is ultimately responsible for ensuring its own jurisdiction. At this time, based on Defendants' notice of removal, the court determines that it has jurisdiction to enter this order. See Louisiana ex rel. Caldwell v. Allstate Ins. Co., 536 F.3d 418, 424 (5th Cir. 2008) ("'[T]he definition of class action is to be interpreted liberally. Its application should not be confined solely to lawsuits that are labeled class actions by the named plaintiff or the state rulemaking authority. Generally speaking, lawsuits that resemble a purported class action should be considered class action for the purpose of applying these provisions.'" (quoting S. Rep. No. 109–14, at 35 (2005), U.S. Code Cong. & Admin. News 2005, p. 3)).

language of the contract . . . defines the scope of disputes subject to arbitration, E.E.O.C. v. Waffle House, Inc., 534 U.S. 279, 289 (2002), and "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration," Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24–25 (1983).

If the court refers the matter to arbitration, it must then stay the proceedings pending the outcome of that arbitration. 9 U.S.C. § 3.

## DISCUSSION

According to Defendants, Plaintiff's complaint is a clever attempt to evade the Agreement's arbitration clause. Rather than seek money damages at this stage, Plaintiff has limited his demand to injunctive and declaratory relief, as well as attorneys' fees and costs. Defendants argue that, despite his cabined prayer for relief, four of Plaintiff's five claims are actually legal rather than equitable in nature, and once he successfully sidesteps arbitration, Plaintiff can and will seek to amend his complaint to "conform to proof to add prayers for monetary relief" on those claims. In response, Plaintiff contends that because he only seeks injunctive and similar relief "at this stage," (Doc. No. 13 at 17), his claims are properly before the court. He argues that he may draft his complaint however he sees fit.[2]

---

[2] Plaintiff also argues that the Agreement's arbitration clause is downright unenforceable. In support, Plaintiff notes that "generally applicable contract defenses, such as . . . unconscionability, may be applied to invalidate arbitration agreements." See Doctor's Assocs., Inc. v. Casarotto, 517 U.S. 681, 687 (1996); Cal. Civ. Code § 1670.5. But under California law a "finding of unconscionability requires a procedural and a substantive element, the former focusing on oppression or surprise due to unequal bargaining power, the latter on overly harsh or one-sided results." AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 340 (2011). Because he was free to choose another service provider, or even to opt out of the arbitration provision altogether, Plaintiff cannot demonstrate the first element, see Bruni v. Didion, 160 Cal. App. 4th 1272, 1288 (2008) (stating that oppression arises from "no real negotiation and an absence of meaningful choice"), and thus his claim must fail. While the analysis necessarily ends there, the court also recognizes that another federal court recently determined that the exact same arbitration

Put simply, the parties dispute the arbitrability of Plaintiff's claims—specifically his first, third, fourth, and fifth causes of action.[3]

The question, then, is "who has the primary power to decide arbitrability" of Plaintiff's claims? See First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 943 (1995). That answer "turns upon what the parties agreed about that matter. Did the parties agree to submit the arbitrability question itself to arbitration?" Id. (emphasis in original). If the parties "clearly and unmistakably" agreed to submit the question to the arbitrator, "the court[] will be divested of [its] authority and an arbitrator will decide in the first instance whether a dispute is arbitrable." United Bhd. of Carpenters & Joiners of Am., Local No. 1780 v. Desert Palace, Inc., 94 F.3d 1308, 1310 (9th Cir. 1996).

Here, the Agreement states: "Only claims for money damages may be submitted to arbitration; claims for injunctive orders or similar relief must be brought in a court (other than claims relating to whether arbitration is appropriate, which will be decided by an arbitrator, not a court)." (Doc. No. 1-3 at 52 (emphasis added).) Though it could be reworded slightly, the Agreement is clear and unmistakable that "claims relating to whether arbitration is appropriate . . . will be decided by an arbitrator, not a court." Consequently, under binding Ninth Circuit precedent, this court can proceed no further.

In sum, the court agrees with Defendants that if "Plaintiff is correct that his claims are not arbitrable, then the arbitrator will so decide." (Doc. No. 16 at 8.) But "Plaintiff's confidence in his own creative drafting does not permit him [or the court] to stand in the shoes of the arbitrator or ignore the parties' arbitration agreement." (Id.) Thus, the court will not rule that Plaintiff's claims are legal in nature and belong in court, as Defendants

---

provision was not substantively unconscionable. See Damato v. Time Warner Cable, Inc., 2013 WL 3968765, at *13 (E.D.N.Y. July 31, 2013).

[3] The court is aware that resolving this dispute may give rise to another, as the Agreement prohibits either party from combining "a claim that is subject to arbitration under this Agreement with a claim that is not eligible for arbitration under this Agreement." (Doc. No. 1-3 at 52.)

argue, or that Plaintiff successfully drafted his complaint to avoid arbitration, as Plaintiff argues. Given the language of the Agreement, that determination must be left to the arbitrator.

## CONCLUSION

For the foregoing reasons, the court grants Defendants' motion to compel arbitration and stay the proceedings in this case. The arbitrator must determine whether Plaintiff's first, third, fourth, and fifth causes of action belong in court or arbitration. If the arbitrator determines that those claims belong in court, this case will proceed at that time. If the arbitrator determines that those claims belong in arbitration, the court will continue to stay the proceedings on Plaintiff's second cause of action until the arbitration concludes, because the result of that arbitration will "streamline subsequent proceedings before this court." Wilcox v. Ho-Wing Sit, 586 F. Supp. 561, 567 (N.D. Cal. 1984) (holding that district court "has discretion whether to proceed with the non-arbitrable claims before or after the arbitration and has authority to stay proceedings in the interest of saving time and effort for itself and litigants"). Accordingly, the parties shall notify the court immediately upon the arbitrator's decision.

IT IS SO ORDERED.

DATED: March 28, 2017

JEFFREY T. MILLER
United States District Judge